**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**.145 ACRES, MORE OR LESS . . .,**
**NEIL ANNANDALE, Defendants,**

**AMERICAN SAMOA POWER AUTHORITY and**
**FLETCHER CONSTRUCTION, Cross-Defendants.**

High Court of American Samoa
Appellate Division

AP No. 11-96

May 19, 1997

Before WARD, Acting Associate Justice,[*] GOODWIN,[**] Acting Associate Justice, WALLACE,[***] Acting Associate Justice, AFUOLO, Associate Judge and LOGOAI, Associate Judge.

Counsel: For Plaintiff Cheryl Crenwelge, Assistant Attorney General,
For Defendant Neil Annandale, Charles V. Alailima

## OPINION AND ORDER

### Procedural History

The American Samoa Government ("ASG") is entitled, pursuant to A.S.C.A. § 43.1001, to acquire by condemnation real property for public use. The ASG filed two documents for the condemnation of two parcels of land belonging to defendant Neil Annandale ("Annandale"). Pursuant to A.S.C.A. § 43.1010 the amount of compensation for the parcels was determined by a panel of three arbitrators who issued their Arbitration Award on August 19, 1996 assessing the value of Parcel A at $2.90 per square foot for a total of $5,800.00 and the value of the right of way in Parcel B at $50.00. Annandale now appeals the finding as to Parcel B.

### Jurisdiction and Standard of Review

A.S.C.A. § 43.1011 provides for the appeal of the arbitration award and states that:

> [o]n appeal, the appellate division may hear such evidence, including the testimony of the arbitrators, as is material, may

---

[*] Honorable John L. Ward II, District Court Judge, serving by designation of the Department of the Interior.

[**] Honorable Alfred T. Goodwin, United States Court of Appeals for the Ninth Circuit, serving by designation of the Department of the Interior.

[***] Honorable J. Clifford Wallace, United States Court of Appeal for the Ninth Circuit, serving by designation of the Department of the Interior.

approve, modify, revise, or reject the award of the arbitrators, and may either make a new and different award or resubmit the matter to the same or different arbitrators to be appointed in the same manner as the original arbitrators.

■ The statute does not clearly establish a standard of review. Given the nature of condemnation proceedings, the Court looks to the legislature for guidance in the standards of review of administrative proceedings. A.S.C.A. § 4.1044 provides the standard of review on appeal from administrative decisions and specifically provides for remand of cases if substantial rights of the petitioner have been prejudiced because the decision is, *inter alia*, in violation of applicable constitutional or statutory provisions or made upon unlawful procedure. A.S.C.A § 4.1044(1) and (3).

■ However, as discussed below, we need not specifically determine the proper standard of review under A.S.C.A. § 43.1011 to decide this case.

## Statement of Facts

Parcel B is a quarter acre of land. The condemnation of a right of way on Parcel B was initiated as part of a government sewer project. As part of this project an underground pipe and a manhole were installed on Parcel B.

## Discussion

■ Without addressing the substantive arguments made by the parties, we find that the arbitrators failed to follow the procedures set forth in A.S.C.A. § 43.1010(d), (e) and (f), which state:

(d) The award shall be determined by a majority of the arbitrators after viewing the property involved and considering such evidence concerning the value of the property as may be submitted by the interested parties.
(e) The award shall be made within one month after the arbitrators have entered upon their duties, or have been called on to act by a notice in writing from any party unless the court sets a different time. The chairman of the arbitrators shall, within the time limit for the award, file the determination of the amount of the award with the court, enclosed in a sealed cover endorsed with the names of the parties to the arbitration. The court shall open the award and forward a copy of the same to the parties.
(f) [T]he decision of the arbitrators shall be final if notice of appeal is not served within the time limited by law.

21

The clear language of the statute requires more than a filing of the naked financial award. The "determination of the amount of the award" (not the "award"), is required to be filed with the Court.

In this matter the "award" of $50.00 for Parcel B was filed with no findings or conclusions of the panel, reflecting how the award was determined, as is required by law. We therefore find the award with respect to Parcel B, should be reversed and remanded.

## Conclusion

We reject the Arbitration Award as to Parcel B. The determination of the compensation for Parcel B shall be remanded to the same arbitrators, who shall view the property involved, take such additional evidence as to the property's value as may be submitted by the parties pursuant to A.S.C.A. § 43.1010, and reduce to their findings to writing. These findings should include a determination as to the placement of the sewer line through the property, use and building restrictions applicable to the easement, government access requirements, and conclusions as to the effects of such encumbrances upon the market value of Parcel B. This written determination and the final dollar award shall then be filed with the Court pursuant to A.S.C.A. § 43.1010.

This opinion and order shall be stayed for 14 days to allow the parties to meet, confer, and attempt to resolve this controversy through good faith negotiations. If an agreement is reached within that period the parties shall timely file a written notice with the Court and a proposed Order to dismiss.

It is so Ordered.